Gholson, J.
Several of the questions presented in this case have been decided in a previous case, during the present term. (Coe v. The Columbus, Piqua and Indiana Railroad Company, ante 372.) Without any further discussion of those questions, it will be sufficient to state, that the claim of the plaintiff in this case, that all of the property embraced in the mortgages referred to in his petition, shall be preserved intact during the period the loan secured by those mortgages has to run, so that the railroad company may be able to earn money wherewith to pay the interest as it accrues, can not bo sustained. It appears that the company, under the terms of the mortgage, had, at the time of the levy of the executions, the possession of the property which was the subject of that levy, and a right to its use and enjoyment at least, until default should be made in the payment of the interest secured by the mortgages. The personal property in which a debtor has such an interest, we have held, would be the subject of a levy as his property.
When by non-payment of interest, or under the conditions of the mortgages, they become absolute, or the right to demand possession of the property accrues, it may or may not become necessary to have recourse to the property so levied on, for payment of the money. There might be sufficient property to pay in full the principal and the interest which had then accrued, without disturbing the lien *of the creditor. If this would be so, then the mortgagees could have no claim to relief in equity. To entitle them to relief, they must show by a sufficient Statement of facts, that their security would be in that way affected. It is not sufficient to say, as in this case, that the constant and uninterrupted use and enjoyment of the property by the directors of the company, is indispensable to enable them to earn money with which to pay the interest as it becomes due. As we understand the averments in the petition, it is upon that ground alone that any injury from a removal of the property is claimed. It is nowhere averred that *337 tbo property which would be left, would be insufficient to pay in full the principal and interest due, or which would be due upon the first default in payment of interest. The claim, therefore, is, that the company shall be protected in the use and possession of the property, so as to be enabled to carry out the arrangement for the payment of a semi-annual interest for a number of years, and at the end of the time, the payment of the principal. This claim, as against the creditors of the company, can not, we think, be sustained.
The statements in the petition do not, therefore, in our opinion, make out a ease for the relief asked, a perpetual injunction against the claims of creditors, and the demurrer must be sustained. But leave will be given to amend the petition.
Brinkerhoee, C. J., and Scott, Sutlife, and Peck, JJ., concurred.